**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR ANTHONY ORTEGA, | No. 17-16386 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-01913-JKS |
| v. | MEMORANDUM* |
| M. ELIOT SPEARMAN, Warden, High Desert State Prison, | |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Argued and Submitted February 4, 2019
San Francisco, California

Before: PAEZ, BERZON, and R. NELSON, Circuit Judges.

California state prisoner Victor Anthony Ortega (Ortega) appeals the district

court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his

conviction by jury trial for first-degree murder. Ortega argues he received

ineffective assistance of trial counsel because counsel did not investigate and

present expert forensic testimony. He argues such expert testimony would have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

undermined the prosecution's theory that he committed murder with express malice, premeditation, and deliberation. We affirm the district court's denial of Ortega's petition.[1]

We review de novo the district court's denial of the petition. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). We review the state court's adjudication of Ortega's claims under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and can only grant federal habeas relief if Ortega shows that the California Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The California Supreme Court's decision denying Ortega's habeas petition is presumed to have been adjudicated on the merits; we must determine what arguments could have supported its decision. *Harrington v. Richter*, 562 U.S. 86, 99, 102 (2011).

To succeed on an ineffective assistance of counsel claim, a habeas petitioner "must 'show that counsel's performance was deficient' and that 'the deficient performance prejudiced the defense.'" *Boyer v. Chappell*, 793 F.3d 1092, 1101–02 (9th Cir. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To show prejudice, Ortega "must show 'there is a reasonable probability that, but for

---

[1] We decline to issue a certificate of appealability for Ortega's two uncertified claims because he has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 1102 (quoting *Strickland*, 466 U.S. at 694).

Even assuming Ortega's trial counsel performed deficiently, it did not prejudice the defense under *Strickland*. *See Richter*, 562 U.S. at 104–05. The proffered expert declarations do not contradict the prosecution's forensic expert testimony at trial. Instead, the declarations confirm the statements Ortega's trial counsel elicited from the prosecution's forensic expert during a thorough cross-examination. Additionally, the prosecution's case also relied on evidence of Ortega's planning activity and motive, independent of the forensic evidence, to support its theory that the shooting was willful, premeditated, and deliberate.

Ortega thus failed to show a reasonable probability that the result of the proceeding would have been different had his trial counsel presented expert forensic testimony. *See Strickland*, 466 U.S. at 694. Because Ortega failed to show that the California Supreme Court had no reasonable basis for denying his petition under *Strickland*, he is not entitled to habeas relief under § 2254(d). *See Richter*, 562 U.S. at 105.

**AFFIRMED.**